**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **HARRY HEMINGWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:17-CV-00547** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **JACOBS ENGINEERING GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT JACOBS ENGINEERING GROUP, INC.**

Comes now, the Defendant, Jacobs Engineering Group, Inc. ("Jacobs"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure and files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Harry Hemingway ("Plaintiff").

**AFFIRMATIVE DEFENSES**

1.      The Plaintiff's Complaint and each separate count contained therein fails to state a claim against Jacobs upon which relief can be granted, and should be dismissed with prejudice.

2.      Plaintiff's causes of action against Jacobs are barred because Jacobs is entitled to qualified immunity from suit as a contractor providing services to the Tennessee Valley Authority ("TVA"), a federal governmental agency, in connection with the TVA Kingston Ash Recovery Project.

3.      Plaintiff's claims and causes of action against Jacobs are barred as a matter of law under the Sixth Circuit's "discretionary function" test, set forth in *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641 (6th Cir. 2015).

4.      Plaintiff's claims and causes of action against Jacobs are barred by the government contractor defense articulated in *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988).

5.      Plaintiff's claims and causes of action are preempted, in whole or in part, by federal law.

6.      Plaintiff's claims and causes of action against Jacobs are barred by applicable statutes of limitation and/or repose, including without limitation Tenn. Code Ann. § 28-3-104, *et seq.*, and by the doctrine of laches.

7.      Plaintiff's claims and causes of action are barred because Plaintiff lacks standing to pursue some or all of its claims against Jacobs.

8.      Jacobs breached no duty of care owed to Plaintiff.

9.      Jacobs reserves the right to assert injuries and damages of Plaintiff were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of those injuries and damages.

10.      Plaintiff's claims and causes of action are barred by the doctrine of laches, waiver and/or estoppel.

11.      Plaintiff's claims and causes of action may be barred, in whole or in part, due to spoliation of evidence.

12.      Plaintiff's Complaint fails to join all parties necessary for a just adjudication of Plaintiff's claims.

13.     Plaintiff's claims are barred by the doctrines of *res judicata*, claim preclusion, and/or issue preclusion.

14.     Plaintiff's claims are barred because, at all times relevant to the allegations in the Plaintiff's Complaint, Jacobs complied with the applicable standards of care while performing services on the TVA's Kingston Fly Ash Recovery Project, thus barring Plaintiff's right of action against Jacobs as a matter of law.

15.     Under the doctrine of comparative fault, Plaintiff's claims against Jacobs are barred because any of Plaintiff's alleged damages were solely, directly, and proximately caused by Plaintiff's own negligence in failing to exercise reasonable care for his own health and safety.

16.     Under the doctrine of comparative fault, Plaintiff's claims against Jacobs are barred because, to the extent that Plaintiff's own negligence was not the sole, direct and proximate cause of any of her alleged injuries, Plaintiff was negligent in an amount equal to or greater than 50% of the fault attributable to the damages alleged in this case.  If it is found that such negligence is less than 50% of the total fault attributable to the damages alleged in this case, then Plaintiff's recovery should be reduced by the relative extent or percentage of fault or negligence attributable to Plaintiff.

17.     Any injury or damage sustained by Plaintiff was caused, in whole or in part, by Plaintiff's own lack of due care and fault, pre-existing conditions, and/or the lack of due care or fault of others for whom Jacobs has no responsibility or control.

18.     Any injury or damage sustained by Plaintiff was caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Jacobs and for

which Jacobs is not liable, and such conduct was proximately caused the injuries and damages alleged.

19.     Plaintiff's claims are barred to the extent that they are based on any alleged duty to warn or disclose the risks associated with fly ash or coal ash because those risks, to the extent they exist, are and have been commonly known.

20.     Plaintiff did not justifiably rely, or in any fashion whatsoever, upon any statement, representation, advice or conduct of Jacobs, and did not act upon any statement, representation, advice or conduct to his detriment.

21.     In the event Plaintiff recovers a judgment against Jacobs, any judgment against Jacobs must be reduced or set off by those payments which Plaintiff have received or will receive from collateral sources.

22.     Jacobs reserves the right to assert as a defense any failure of Plaintiff to mitigate his damages.

23.     The United States is the real party in interest in this action because, as a result of Jacobs' right to indemnification and/or contribution from federal agencies, any judgment against Jacobs in this case would expend itself on the public treasury or domain, or interfere with the public administration. *See Land v. Dollar*, 330 U.S. 731 (1947). As a result, Plaintiff is not entitled to either punitive damages or a trial by jury. *Cf. Mays v. Tennessee Valley Authority*, 699 F. Supp. 2d 991, 1028-1033 (2010).

24.     Jacobs asserts all statutory and other limitations on damages that may exist under applicable law, including, without limitation, any limit on the amount of non-economic damages, damages for pain and suffering, or exemplary or punitive damages, and including without

limitation the damages defenses and limitations provided under Tenn. Code Ann. § 29-39-102 and Tenn. Code Ann. § 29-39-104.

25.     There is no basis in law or fact for the imposition of punitive damages with respect to the claims the Plaintiff has brought against Jacobs. Plaintiff's demand for punitive damages should not be submitted to the jury.

26.     Plaintiffs' claims for punitive damages are barred in that the evidence will not authorize a finding that Jacobs acted intentionally, fraudulently, maliciously, or recklessly, by clear and convincing evidence. An award of punitive damages against Jacobs could violate Jacobs' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section VIII of the Tennessee Constitution.

(A)     Jacobs would show that the standard for an award of punitive damages is unconstitutionally vague. It allows virtually standardless discretion to the jury to determine punishment. It further deprives Defendant of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment. Accordingly, Jacobs would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an ex post facto legal penalty as proscribed by the Tennessee and United States Constitutions.

(B)     Jacobs would show that any award of punitive damages would violate Jacobs' right to due process of law. Any award of punitive damages is clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. Jacobs was given no advance notice that a particular course of conduct may subject it to

punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against Jacobs would violate its due process rights pursuant to the Tennessee and United States Constitutions.

(C)     Jacobs would show that the civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment. Jacobs would further show that any award of damages in excess of Plaintiff's actual damages would violate its rights to due process of law, equal protection of the law and would constitute an unconstitutional excessive fine as forbidden by the Tennessee and United States Constitutions.

(D)     Jacobs would show that the admission of any evidence concerning the size or wealth of Jacobs will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages and the measure of punitive damages. As such, the admission of any such evidence violates Jacobs' right to due process of law and equal protection of the law pursuant to the Tennessee and United States Constitutions.

(E)     Jacobs is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Jacobs received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

(F)     An award of punitive damages in this case would violate double jeopardy in the event there is more than one judgment against Jacobs, and would violate due process and equal protection clauses of the United States Constitution (U.S. Const. Amends. V and XIV) and the Tennessee Constitution. (Article I, Section VIII).

(G)     The statutes, and the court decisions interpreting these statutes, fail to notify individuals of the nature of the offense for which they may be liable for punitive damages and they fail to limit the award of punitive damages to:

(a)     the degree of reprehensibility of Jacobs' alleged misconduct;

(b)     the disparity between the harm (or potential harm) suffered by Plaintiff and the punitive damages award; and

(c)     the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

(H)     The statutes, and the court decisions interpreting these statutes, fail to sufficiently inform judges and juries of the nature of offenses for which punitive damages can be awarded.

(I)     The statutes, and the court decisions interpreting these statutes, fail to provide any constitutional standard or means of calculating the amount of punitive damages to be awarded.

(J)     To the extent the trier of fact is permitted to consider Jacobs' net worth, wealth or financial condition in awarding punitive damages, or in calculating the amount of any such award, such consideration violates due process and equal protection of the clauses of the United States Constitution (U.S. Const. Amends. V & XIV).

(K)     To the extent the award of punitive damages is criminal or quasi-criminal in nature, it is not awarded by proof beyond a reasonable doubt, contrary to due process of law and excess fines and cruel and unusual punishments as required by the United States Constitution (U.S. Const. Amends. VIII & XIV).

7

(L)     The statutes, and the court decisions interpreting these statutes, permit the award of excessive punitive damages without relationship to the public safety, health or welfare said to be served by punitive damages.

(M)     The statutes, and the court decisions interpreting these statutes, allow persons to repeatedly be put in jeopardy of paying for the same offense.

(N)     The statutes, and the court decisions interpreting these statutes, fail to place a limit on the amount of punitive damages to be awarded.

(O)     The statutes, and the court decisions interpreting these statutes, fail to provide adequate post-verdict processes and standards for review by the trial court and also fail to provide adequate appellate review procedures so as to adequately protect due process rights as required by the due process clause of the United States Constitution (U.S. Const. Amend. XIV; *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001)).

(P)     The statutes, and the court decisions interpreting these statutes, permit the award of punitive damages without reasonable relationship to the civil or criminal penalties that could be imposed for comparable misconduct in other cases.

(Q)     The statutes, and the court decisions interpreting these statutes, allow persons to be put repeatedly in jeopardy of paying for the same offense.

(R)     There are inadequate safeguards with respect to the imposition of punitive damages against Jacobs under Tennessee law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Jacobs would violate that amendment to the Constitution of the United States.

(S)     The imposition of punitive damages against this defendant in this case would violate the commerce clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(T)     There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Jacobs under Tennessee law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States.   Accordingly, the imposition of punitive damages in this case against this defendant would violate that amendment to the Constitution of the United States.

(U)     To subject Jacobs to punitive damages under the facts of this case without some guarantee against future punishment for similar acts or omissions would violate the constitutions of both the United States and the State of Tennessee.

(V)     The imposition of punitive damages against Jacobs would constitute an arbitrary and capricious taking of property without due process of law in violation of the constitutions of both the United States and the State of Tennessee.

(W)     The imposition of punitive damages against Jacobs would constitute an excessive fine under the constitutions of both the United States and the State of Tennessee.

(Y)     The imposition of punitive damages against Jacobs would improperly penalize this Defendant without the same safeguards afforded criminal defendants by the constitutions of both the United States and the State of Tennessee.

(Z)     The standard or pattern jury instructions on punitive damages are unconstitutionally insufficient.

27.     Jacobs asserts all of its constitutional defenses to punitive damages under both the United States Constitution and the Tennessee State Constitution

28.     Plaintiff fails to plead misrepresentation with particularity in compliance with Rule 9 of the Federal Rules of Civil Procedure.

29.     Plaintiff's claim for strict liability is barred as a matter of law because the program management services Jacobs performed at the Kingston site under its contract with TVA do not constitute ultra-hazardous or abnormally dangerous activity.

30.     All allegations or averments set forth in Plaintiff's Complaint not herein specifically admitted, denied, or explained are here and now denied as though separately and specifically set forth and denied.

31.     Any alleged act or omission on the part of Jacobs was not the proximate cause and/or competent producing cause of the alleged injury or alleged damages.

32.     No duty to Plaintiff exists under some or all of the statutes cited by Plaintiff.

33.     No right to a private cause of action exists under some or all of the statutes cited by Plaintiff.

34.     Jacobs reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise, during the litigation of this case.

## ANSWER

## I.     NATURE OF THE ACTION

1.     Plaintiff's characterization of the case in Paragraph 1 contains legal conclusions to which Jacobs is not required to respond.  To the extent that a response is required, Jacobs denies that it is liable to the Plaintiff under any legal theory and in any amount and denies all

allegations set forth in Paragraph 1 and demands strict proof thereof.    In particular, Jacobs denies that Plaintiff's alleged injuries were caused by exposure to coal fly ash at the Kingston Fossil Plant in Kingston, Tennessee, and denies that any action or inaction by Jacobs caused or contributed to Plaintiff's alleged injuries.   Jacobs is without information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph 1 and, therefore, denies those allegations.

2.      Jacobs opposes any request by Plaintiff to consolidate this case with any of the other cases pending before this Court including, but not limited to *Greg Adkisson, et al. v. Jacobs Engineering, Inc.*, No. 3:13-CV-505-TAV-HBG; *Kevin Thompson, et al. v. Jacobs Engineering, Inc.*, No. 3:13-CV-666-TAV-HBG; and *Joe Cunningham, et al. v. Jacobs Engineering, Inc.*, No. 3:14-CV-20-TAV-HBG.  Among other grounds for opposing such a request, the referenced cases have been pending for years, and fact discovery in those matters has already been completed. Those cases are already set for trial.  Jacobs would suffer substantial prejudice if new plaintiffs were added to that case at this late stage.  Paragraph 2 references a Motion for Consolidation and Memorandum in Support that has not yet been filed, as of the time of the filing of this Answer. Jacobs expressly reserves the right to more fully respond to any motion requesting consolidation of this case with any other case, if and when such a request is properly made.

## II.    PARTIES

3.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies those allegations.

4.      Jacobs admits that it is a Delaware corporation with its principal place of business in Dallas, Texas.  Jacobs admits that it is licensed to do and is doing and has done business in

Roane County, Tennessee. Jacobs admits that it may be served with process through its registered agent for service of process CT Corporation. Jacobs denies the remaining allegations in Paragraph 4.

### III.    JURISDICTION AND VENUE

5.      Paragraph 5 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, Jacobs states that jurisdiction is not contested in this matter. Jacobs denies the remaining allegations in Paragraph 5.

6.      Paragraph 6 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, Jacobs states that jurisdiction and venue are not contested in this matter. Jacobs denies the remaining allegations in Paragraph 6.

7.      Jacobs opposes any request by Plaintiff to consolidate this case with *Greg Adkisson, et al. v. Jacobs Engineering, Inc.*, No. 3:13-CV-505-TAV-HBG; *Kevin Thompson, et al. v. Jacobs Engineering, Inc.*, No. 3:13-CV-666-TAV-HBG; and *Joe Cunningham, et al. v. Jacobs Engineering, Inc.*, No. 3:14-CV-20-TAV-HBG. Among other grounds for opposing such a request, the referenced cases have been pending for years, and fact discovery in those matters has already been completed. Those cases are already set for trial. Jacobs would suffer substantial prejudice if new plaintiffs were added to that case at this late stage. Jacobs expressly reserves the right to more fully respond to any motion requesting consolidation of this case with any other case, if and when such a request is properly made.

## IV. FACTS

## TVA COAL ASH SPILL

8.      Jacobs admits that the Tennessee Valley Authority ("TVA") is a federally owned electricity corporation created by and existing pursuant to the Tennessee Valley Authority Act of 1933, and that the Kingston Fossil Fuel Plant in Roane County, Tennessee is a coal-fired power plant.  Jacobs further admits that on December 22, 2008, the northwest side of a dike used to contain coal ash failed at the dewatering area of the Plant, resulting in a release of coal ash.  All other allegations in Paragraph 8 are denied.

9.      Jacobs admits that coal ash is a byproduct of burning coal.  Jacobs admits that fly ash is a byproduct of burning coal, and that it is capable of becoming airborne.  Jacobs admits that fly ash can contain trace elements of various heavy metals, as well as trace amounts of certain radioactive elements.  All other allegations in Paragraph 9 are denied.

10.     Jacobs admits that on December 22, 2008, the northwest side of a dike used to contain coal ash failed at the dewatering area of the Kingston Fossil Plant, resulting in a release of approximately 5.4 million cubic yards of coal ash into the Swan Pond Embayment and three adjacent sloughs, eventually spilling into the main Emory River channel.  Jacobs admits that coal ash from the spill reached the Watts Bar Reservoir, the Clinch and Emory rivers, and certain properties in Roane County, Tennessee.  All other allegations in Paragraph 10 are denied.

11.     Jacobs admits that both TVA and the Environmental Protection Agency ("EPA") were involved in the cleanup of the coal ash spill at the Kingston Fossil Plant that occurred in December 2008 ("the Kingston Ash Recovery Project").  Both TVA and the EPA had continued involvement in the cleanup efforts at the site until the project was completed.  It is denied that

13

the EPA ever delegated all of its authority to TVA.  It is admitted that TVA assumed primary responsibility for overseeing the cleanup of the coal ash spill at the Kingston Fossil Plant.  All other allegations in Paragraph 11 are denied.

## TVA CONTRACT WITH JACOBS

12.     Paragraph 12 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs admits that TVA entered into a contract with Jacobs to assist in the Kingston Ash Recovery Project.  That contract, which is dated February 6, 2009, speaks for itself.  To the extent the allegations of Paragraph 12 add to, subtract from, or otherwise conflict with the terms of the contract between TVA and Jacobs, the allegations are denied.  All other allegations in Paragraph 12 are denied.

13.     Paragraph 13 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs admits that it entered into a contract with TVA pertaining to the Kingston Ash Recovery Project.  That contract speaks for itself.  To the extent the allegations of Paragraph 12 add to, subtract from, or otherwise conflict with the terms of the contract between TVA and Jacobs, the allegations are denied.  All other allegations in Paragraph 13 are denied.

14.     Paragraph 14 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs admits that it drafted the Site Wide Safety and Health Plan ("SWSHP") pertaining to the Kingston Ash Recovery Project, and that the SWSHP was reviewed and approved by TVA, the Tennessee Department of Environment and Conservation ("TDEC"), and the EPA.  Jacobs further admits that the work it performed in furtherance of the Kingston Ash Recovery Project was done pursuant to and in accordance with

14

the contract between Jacobs and TVA and with the SWSHP. The contract between TVA and Jacobs and the SWSHP speak for themselves. To the extent the allegations of Paragraph 14 add to, subtract from, or otherwise conflict with the terms of the contract between TVA and Jacobs, or the terms of the SWSHP, the allegations are denied. All other allegations in Paragraph 14 are denied.

15. Paragraph 15 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs admits that admits that the work it performed in furtherance of the Kingston Ash Recovery Project was done pursuant to and in accordance with the contract between Jacobs and TVA and with the SWSHP. The contract between TVA and Jacobs and the SWSHP speak for themselves. To the extent the allegations of Paragraph 15 add to, subtract from, or otherwise conflict with the terms of the contract between TVA and Jacobs the allegations are denied. All other allegations in Paragraph 15 are denied.

16. Paragraph 16 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs admits that admits that the work it performed in furtherance of the Kingston Ash Recovery Project was done pursuant to and in accordance with the contract between Jacobs and TVA and with the SWSHP. The contract between TVA and Jacobs and the SWSHP speak for themselves. To the extent the allegations of Paragraph 16 add to, subtract from, or otherwise conflict with the terms of the contract between TVA and Jacobs, or the terms of the SWSHP, the allegations are denied. All other allegations in Paragraph 16 are denied.

## JACOBS' CONDUCT

17.     Jacobs denies the allegations set forth in Paragraph 17 and demands strict proof thereof.

18.     Jacobs denies the allegations set forth in Paragraph 18 and demands strict proof thereof.

19.     Jacobs denies the allegations set forth in Paragraph 19 and demands strict proof thereof.

20.     Jacobs denies the allegations set forth in Paragraph 20 and demands strict proof thereof.

21.     Jacobs denies the allegations set forth in Paragraph 21 and demands strict proof thereof.

22.     Jacobs denies the allegations set forth in Paragraph 22 and demands strict proof thereof.

23.     Jacobs denies the allegations set forth in Paragraph 23 and demands strict proof thereof.

24.     Jacobs denies the allegations set forth in Paragraph 24 and demands strict proof thereof.

25.     Paragraph 25 contains legal conclusions to which Jacobs is not required to respond.   To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 25 and demands strict proof thereof.

## PLAINTIFF HARRY HEMINGWAY

26. Jacobs admits that Plaintiff worked on the Kingston Ash Recovery Project. Jacobs further admits, upon information and belief, that Plaintiff was an employee of Sevenson Environmental Services, Inc. ("Sevenson"). However, it is denied that Sevenson was a subcontractor of Jacobs and it is denied that Jacobs remediated the site.

27. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies those allegations.

28. Jacobs is without information sufficient to form a belief as to the truth of the allegation in Paragraph 28 that Plaintiff worked on the Kingston Ash Recovery Project for approximately two years, and that allegation is, therefore, denied. All other allegations in Paragraph 28 are denied.

29. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies those allegations.

30. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies those allegations.

31. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies those allegations.

32. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies those allegations.

33. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies those allegations.

34.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies those allegations.

35.     Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies those allegations.

## V.     CAUSES OF ACTION

### NEGLIGENCE

36.     In response to Paragraph 36, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 35 by reference as if specifically set forth herein.

37.     Jacobs denies the allegations set forth in Paragraph 37, and demands strict proof thereof.

38.     Jacobs denies the allegations set forth in Paragraph 38, including the allegations set forth in subparts A through U, and demands strict proof thereof.

39.     Jacobs denies the allegations set forth in Paragraph 39, and demands strict proof thereof.

40.     Jacobs denies the allegations set forth in Paragraph 40, and demands strict proof thereof.

41.     Jacobs denies the allegations set forth in Paragraph 41, and demands strict proof thereof.

### NEGLIGENCE *PER SE*

42.     In response to Paragraph 42, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 41 by reference as if specifically set forth herein.

43.     Jacobs denies the allegations set forth in Paragraph 43, including the allegations set forth in subparts A through N, and demands strict proof thereof.

44.     Jacobs denies the allegations set forth in Paragraph 44, including the allegations set forth in subparts A through D, and demands strict proof thereof.

45.     Jacobs denies the allegations set forth in Paragraph 45, and demands strict proof thereof.

46.     Jacobs denies the allegations set forth in Paragraph 46, and demands strict proof thereof.

47.     Jacobs denies the allegations set forth in Paragraph 47, and demands strict proof thereof.

48.     Jacobs denies the allegations set forth in Paragraph 47, and demands strict proof thereof.

## FAILURE TO WARN

49.     In response to Paragraph 49, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 48 by reference as if specifically set forth herein.

50.     Paragraph 50 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs denies the allegations in Paragraph 50, and demands strict proof thereof.

51.     Jacobs denies the allegations set forth in Paragraph 51, and demands strict proof thereof.

52.     Jacobs denies the allegations set forth in Paragraph 52, and demands strict proof thereof.

53.     Jacobs denies the allegations set forth in Paragraph 53, and demands strict proof thereof.

## MISREPRESENTATION

54.     In response to Paragraph 54, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 53 by reference as if specifically set forth herein.

55.     Paragraph 55 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs denies the allegations in Paragraph 55, and demands strict proof thereof.

56.     Jacobs denies the allegations set forth in Paragraph 56, and demands strict proof thereof.

57.     Jacobs denies the allegations set forth in Paragraph 57, and demands strict proof thereof.

58.     Jacobs denies the allegations set forth in Paragraph 58, and demands strict proof thereof.

59.     Jacobs denies the allegations set forth in Paragraph 59, and demands strict proof thereof.

60.     Jacobs denies the allegations set forth in Paragraph 60, and demands strict proof thereof.

61.     Jacobs denies the allegations set forth in Paragraph 61, and demands strict proof thereof.

## STRICT LIABILITY FOR ULTRA-HAZARDOUS AND/OR
## ABNORMALLY DANGEROUS ACTIVITY

62. In response to Paragraph 62, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 61 by reference as if specifically set forth herein.

63. Paragraph 63 contains Plaintiff's characterization of a cause of action which contains legal conclusions to which Jacobs is not required to respond. To the extent a response is deemed required, Jacobs denies that it is liable to Plaintiff under any legal theory and in any amount, and denies all allegations set forth in Paragraph 63 and demands strict proof thereof.

64. Paragraph 64 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations in Paragraph 64, and demands strict proof thereof.

65. Paragraph 65 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations in Paragraph 65, and demands strict proof thereof.

66. Paragraph 66 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations in Paragraph 66, and demands strict proof thereof.

67. Jacobs denies the allegations set forth in Paragraph 67, and demands strict proof thereof.

68. Jacobs denies the allegations set forth in Paragraph 68, and demands strict proof thereof.

69. Jacobs denies the allegations set forth in Paragraph 69, and demands strict proof thereof.

## ALLEGED NON-APPLICABILITY OF DAMAGES CAPS

70.     In response to Paragraph 70, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 69 by reference as if specifically set forth herein.

71.     Paragraph 71 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs denies the allegations in Paragraph 71, and demands strict proof thereof.

72.     Jacobs denies the allegations set forth in Paragraph 72, and demands strict proof thereof.

73.     Paragraph 73 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs denies the allegations in Paragraph 73.  To the extent the allegations of Paragraph 73 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

74.     Jacobs opposes Plaintiff's request for a declaration that the damages cap in Tennessee is "void *ab initio* and of no force and effect," and denies that Plaintiff is entitled to such relief.  To the extent the allegations of Paragraph 74 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

75.     Paragraph 75 contains legal conclusions to which Jacobs is not required to respond.  To the extent a response is required, Jacobs denies the allegations in Paragraph 75.  Jacobs opposes Plaintiff's challenge to the constitutionality of Tennessee Code Annotated § 29-39-102.  To the extent the allegations of Paragraph 75 allege, imply, or assert wrongdoing on the part of Jacobs, said allegations are denied.

## VI.  JURY DEMAND

76.     Jacobs denies that Plaintiffs are entitled to a trial by jury.

## VII.  PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph that follows paragraph 76.

Except as expressly and unequivocally admitted above, all allegations of the Complaint are hereby denied.

WHEREFORE, Jacobs Engineering Group, Inc. respectfully requests that:

1.  Plaintiff's Complaint be dismissed with prejudice;

2.  Jacobs be awarded its costs and fees in defending this action; and

3.  This Court grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ James F. Sanders

James F. Sanders       No. 005267
jsanders@nealharwell.com
J. Isaac Sanders       No. 029372
isanders@nealharwell.com
Marie T. Scott       No. 032771
mscott@nealharwell.com
1201 Demonbreun Street
Suite 1000
Nashville, Tennessee  37203
Telephone:  (615) 244-1713
Facsimile:  (615) 726-0573

Case 3:17-cv-00547-TAV-HBG   Document 8   Filed 01/23/18   Page 23 of 24   PageID #: 59

SMITH CASHION & ORR, PLC
Jefferson C. Orr          No. 12743
jorr@smithcashion.com
S. Joe Welborn           No. 21747
jwelborn@smithcashion.com
Joshua K. Chesser        No. 27993
jchesser@smithcashion.com
231 Third Avenue North
Nashville, Tennessee  37201
Telephone:     (615) 742-8555
Facsimile:      (615) 742-8556

*Attorneys for Defendant*
*Jacobs Engineering Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of January, 2018, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

/s/ James F. Sanders