UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HARRY HEMINGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-547-TAV-HBG |
| | ) | |
| JACOBS ENGINEERING GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMOARNDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Chief Judge Varlan's Order of referral [Doc. 7]. Now before the Court is Plaintiff's Motion to Consolidate [Doc. 5], filed on January 11, 2018. Defendant Jacobs Engineering Group, Inc., ("Jacobs") filed a response [Doc. 14] in opposition on January 30, 2018. For the following reasons, the Court will **DENY** Plaintiff's motion.

## I.      Background

On December 22, 2017, Plaintiff filed a Complaint against Jacobs for personal injuries he alleges were sustained as a result of Plaintiff's workplace exposure to toxic coal fly ash at the Tennessee Valley Authority Superfund Cleanup Site at the Kingston Fossil Fuel Plant in Kingston, Tennessee. [Doc. 1]. Plaintiff submits that Jacobs failed to properly monitor the fly ash at the cleanup site, protect him from fly ash exposer, and disclose the toxic nature of fly ash.

This Court entered a related case Order [Doc. 4] on January 5, 2018, finding that the instant matter is related to *Adkisson, et al., v. Jacobs Engineering Group, Inc.*, No. 3:13-CV-505, because "these cases arise out of the same transaction or occurrence and involve one or more of the same parties." Consolidation, however, was not ordered. [*Id.*]. *Adkisson* is consolidated with

other cases in certain respects. *Adkisson*, serving as the lead case, was completely consolidated with *Thompson, et al., v. Jacobs Engineering Group, Inc.*, 3:13-CV-666, and *Cunningham, et al., v. Jacobs Engineering Group, Inc.*, 3:14-CV-20, on July 10, 2014. [Doc. 35 in *Adkisson*, 3:13-CV-505]. These cases were late consolidated with five more related cases for the limited purpose of discovery and motion practice. [Doc. 56 in *Adkisson*, 3:13-CV-505]. Finally, on January 30, 2017, a total of 10 case ("the Consolidated Cases")[1] were consolidated for discovery, motion practice, and Phase I of a bifurcated trial. [Doc. 136 in *Adkisson*, No. 3:13-CV-505]. Presently, the Consolidated Cases are set for Phase I of trial on September 17, 2018.

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff now moves the Court to consolidate the instant case with the Consolidated Cases.

## II.      Positions of the Parties

Plaintiff explains that he developed multiple myeloma on or around March 2017, as a result of working at the fly ash cleanup site, and that his condition "is strongly related to the blood cancers exhibited by a number of plaintiffs in the already consolidated actions." [Doc. 6 at 3-4]. Although his claim did not accrue until several years after the inception of the Consolidated Cases and subsequent to the bifurcated trial plan, Plaintiff argues that the most efficient means of adjudicating his claim is through consolidation as this case and the Consolidated Cases present substantial overlap in addressing whether Jacobs owed a legal duty, whether Jacobs breached that duty, and whether Jacobs' breach is the general cause of the injuries alleged by all the plaintiffs.

---

[1] These 10 cases are *Adkisson v. Jacobs Engineering Group, Inc.*, 3:13-CV-505, *Thompson, et al., v. Jacobs Engineering Group, Inc.*, 3:13-CV-666, *Cunningham et al., v. Jacobs Engineering Group, Inc.*, 3:14-CV-20, *Rose v. Jacobs Engineering Group, Inc.*, 3:15-CV-17, *Wilkinson v. Jacobs Engineering Group, Inc.*, 3:15-CV-274, *Shelton v. Jacobs Engineering Group, Inc.*, 3:15-CV-420, *Church v. Jacobs Engineering Group, Inc.*, 3:15-CV-460, *Vanguilder v. Jacobs Engineering Group, Inc.*, 3:15-CV-462, *Ivens v. Jacobs Engineering Group, Inc.*, 3:16-CV-635, and *Farrow v. Jacobs Engineering Group, Inc.*, 3:16-CV-636.

According to Plaintiff, denial of the instant motion would create "a significant risk of inconsistent adjudication of these common factual and legal issues" shared in the cases, and independent adjudication would further render "a substantial burden on the parties, witnesses, and available judicial resources." [*Id.* at 4]. Moreover, Plaintiff submits that Jacobs and the consolidated plaintiffs would not be unduly prejudiced or burdened because the instant case is not expected to delay proceedings or Phase I of trial despite "some independent discovery deadlines" likely needed to be set. [*Id.* at 4].

Jacobs opposes consolidation on the grounds that the cases are at vastly different stages, consolidation would unduly delay proceedings in the Consolidated Cases, and Jacobs would be unfairly prejudiced. Jacobs submits that because discovery has been completed, expert disclosure deadlines have expired with the exception of supplementation of existing reports,[2] and the dispositive motion deadline is two months away, Phase I of trial would likely be delayed again if Plaintiff is permitted to join at such a late juncture of the proceedings. Furthermore, Jacobs reasons that consolidating the instant case would essentially allow plaintiffs in the Consolidated Cases to reopen discovery, which they have attempted to do at no avail. Finally, citing to an earlier order by the District Court in the Consolidated Cases, Jacobs submits that the risk of inconsistent adjudication of common facts and legal issues is alleviated due to the judicial officers in the Consolidated Cases presiding over the instant matter.

## III.    Analysis

Federal Rule of Civil Procedure 42(a)(2) states that a court may consolidate actions that "involve a common question of law or fact." A court may exercise its "discretion to consolidate

---

[2] The Court notes that the parties in the Consolidated Cases are currently in the middle of briefing the Court on whether plaintiffs should be allowed to disclosure three entirely new experts. [*See* Doc. 230 in *Adkisson*, 3:13-CV-505].

actions only if it first determines that there is a common question of law or fact." *WCM Industries,*

*Inc. v IPS Corp.*, No. 2:13-cv-02019, 2013 WL 3349182, * 2 (W.D. Tenn. July 2, 2013).  "The

party moving for consolidation bears the burden of demonstrating the commonality of law, facts

or both in cases sought to be combined, and the court must examine the special underlying facts

with close attention before ordering a consolidation."  *Id.*  (quoting *Banacki v. OneWest Bank,*

*FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011)).

In deciding whether to consolidate, a court should consider whether the specific risks of

prejudice and possible confusion posed by consolidation are:

> overborn by the risk of inconsistent adjudications of common
> factual and legal issues, the burden on parties, witnesses and
> available judicial resources posed by multiple lawsuits, the length
> of time required to conclude multiple suits as against a single one,
> and the relative expense to all concerned of the single-trial, multiple-
> trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting with approval *Hendrix v.*

*Raybestos–Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)).  Importantly, "[c]onsolidation is

not justified or required simply because the actions include a common question of fact or law."

*Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985).

The Court finds that while the cases share some common questions of fact and law,

consolidation is not appropriate.  As aptly noted by Jacobs, these cases are at significantly

different stages of litigation, rendering consolidation of the instant matter impracticable if not

impossible.  The Consolidated Cases have been pending for several years, with continuances of

the trial date and extensions of various deadlines, and is now scheduled for trial in seven months.

Fact discovery and expert disclosures, again after multiple extensions, expired several months

ago.  Moreover, the dispositive motion deadline is a mere two months away.  By stark contrast,

the instant case was only filed two months ago, discovery has not yet commenced, and no scheduling order or other dates have been entered by the District Court.

The Court does not disagree with Plaintiff's contention that consolidation is not automatically precluded simply because this case is at a different stage of litigation than the Consolidated Cases. [*See* Doc. 6 at 4]. Even so, the Court finds that consolidation is not appropriate where, as here, it would disrupt the progress the Consolidated Cases have finally reached. *See Hadel v. Willis Roof Consulting, Inc.*, 2011 WL 484289, *1 (D.Nev. Feb. 7, 2011) (denying consolidation where "these cases are at completely different stages of pretrial litigation," such that "[c]onsolidation would therefore only cause further delay and waste judicial resources"); *Long v. Dickson*, 2006 WL 1896258, *1 (D. Kan. June 29, 2006) ("Because the two actions are at such widely separate stages of preparation, consolidation of these cases would cause further delay and could prejudice the parties."); *ABN ABRO Mortg. Grp., Inc. v. Smith*, No. 1:06-CV-36, 2006 WL 2035542, at *2 (S.D. Ohio July 18, 2006) ("[C]onsolidation is not warranted because the cases are not at the same stage of litigation."); *Servants of Paraclete, Inc. v.. Great American Ins. Co.*, 866 F.Supp. 1560, 1573 (D.N.M.1994) ("Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready for disposition."). Given the particularly protracted history of the Consolidated Cases and the Court's interest in efficiently managing its docket so that litigants receive a speedy resolution of their case, the Court intends to maintain the present trial date in the Consolidated Cases absent substantial good cause.

Plaintiff submits that consolidation should not delay Phase I of trial despite the likelihood that "some independent discovery deadlines" would need to be set. Plaintiff does not expound upon which deadlines should be set. The Court notes, however, that discovery in the Consolidated

Cases has been voluminous and extensive, requiring multiple extensions of time which has also effected the parties' ability to timely file export reports.[3] Indeed, Plaintiff's motion notes his counsel's "law firm undertook an exhaustive evaluation of [Plaintiff's] claims, including extensive fact investigation, review of medical history and records, and consultation with experts." [Doc. 6 at 2]. Even if Plaintiff's ability to meet truncated deadlines were feasible, the burden on Jacobs and its experts to obtain and review what can only be expected to be extensive medical history and records would be no minor matter, particularly in light of a fast approaching trial date. To be sure, Plaintiff alleges he suffers from multiple myeloma, a condition that does not appear to be alleged by any other plaintiff in the Consolidated Cases. Plaintiff only summarily concludes that his condition is "strongly related to the blood cancers exhibited by a number of plaintiffs in the already consolidated actions," a finding that is speculative at best without further discovery and expert proof.

Also problematic if the Court were to set independent discovery deadlines is that the consolidated plaintiffs would indirectly be allowed to conduct further discovery, a request that was made in their recent motion to continue and which the District Court did not grant. Specifically, the consolidated plaintiffs argued that the "Court should modify the Scheduling Order to facilitate continued discovery by the Plaintiffs." [Doc. 200 at 4 in *Adkisson*, 3:13-CV-505]. In granting the motion to continue, the District Court declined to reset any expired scheduling deadlines, including discovery, with the exception of the dipositive motion deadline and supplementation of existing export reports. [Docs. 215 at 3, 230 at 4-5 in *Adkisson*, 3:13-CV-505]. This Court must take care "that consolidation does not result in unavoidable prejudice

---

[3] *See e.g.*, Plaintiffs' Expedited Motion to Continue Trial and Modify Scheduling Order, [Doc. 200 at 6-7 in *Adkisson*, 3:13-CV-505] in which plaintiffs complained of a 66,000 "document dump" that Jacobs recently produced and which documents are "are important for the consideration and analysis of the issues in this case by Plaintiffs' expert witnesses."

or unfair advantage." *Cantrell*, 999 F.2d at 1011 (6th Cir. 1993). Allowing discovery in the instant case would not only essentially reopen discovery in the Consolidated Cases, but it would also have the potential of delaying the Phrase I trial date.

Plaintiff worries that denying consolidation would render a "significant risk of inconsistent adjudications of [] common factual and legal issues" and create a substantial burden on judicial resources. While Plaintiff's concerns generally weigh in favor of consolidation, the District Court has already addressed the matter when it overruled Jacobs' objection to related case *McCarthy v. G.UB.MK Constructors*, No. 3:14-CV-472, being excluded from the Consolidation Cases. [Doc. 56 at 4-6 in *Adkisson*, 3:13-CV-505]. There, the District Court observed that the Consolidated Cases "are pending before the same judicial officers, and that fact 'minimizes the risk of inconsistent results and lessens the burden on the Court.'" [*Id.* at 6 (citing *Roxane Labs., Inc. v. Abbott Labs.*, No. 2:12-cv-312, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013)]. Therefore, Plaintiff's concerns "are not a substantial issue here." [*See id.*].

Furthermore, the Court notes that this case is not the only case found to be related to *Adkisson* and its progeny but not ordered to be consolidated. *Muse et al., v. Jacobs Engineering Group, Inc.*, 3:17-CV-282, was removed to federal court on June 29, 2017, six months prior to the inception of this case. And despite *Muse* likewise being found related to *Adkisson,*[4] because "these cases arise out of the same transaction or occurrence and involve one or more of the same parties," consolidation was not ordered. [Doc. 5 in *Muse et al., v. Jacobs Engineering Group, Inc.*, 3:17-CV-282].

Finally, the Court considers the likelihood of prejudice Plaintiff would sustain if consolidation were denied. Plaintiff argues that "there is an urgent need to conduct discovery and

---

[4] In fact, the Complaint in *Muse* is similar, if not identical in substance, to the Compliant in *Adkisson*. [*Compare* Doc. 1 in *Adkisson*, 3:13-CV-505 *with* Doc. 1-1 in *Muse*, 3:17-CV-282].

depose Mr. Hemingway as soon as possible in order to preserve his testimony" due to the seriousness of his condition. [Doc. 6 at 5]. There is no reason to assume that discovery or depositions could not occur any sooner than if the case were consolidated. If anything, consolidation would appear to have the opposite effect of moving things along expeditiously as the involvement of numerous attorneys would likely hamper the ease in which scheduling could otherwise occur. Moreover, Jacobs has suggested it is willing to work with Plaintiff to see that his deposition occurs as soon as possible. [*See* Doc. 14 at 12].

In conclusion, given the significantly different stages the cases find themselves, the prejudice Jacobs would sustain, the likelihood of the Phase I trial date being continued should consolidation be granted, the diminished risk of inconsistent adjudications, and the ability to preserve Plaintiff's testimony through timely deposition, the Court finds that consolidation would not effect justice in any manner as to substantiate granting Plaintiff's motion.

## IV. Conclusion

Accordingly, for the reasons stated herein, the Court **DENIES** Plaintiff's Motion to Consolidate [**Doc. 5**].

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge